Filed 4/25/22  P. v. Boyd CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079130 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD286837) |
| JAMES EARL BOYD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Shaghayegh Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

James Boyd was charged with five counts of attempted carjacking while on parole (Pen. Code,[1] §§ 664, 215, subd. (a), 3000 & 1203.085, subd. (b)).  It was also alleged that Boyd had suffered a serious felony prior conviction (§ 667, subd. (a)(1)) and a strike prior (§ 667, subds. (b)-(i)).

---

[1]     All further statutory references are to the Penal Code.

In September 2020, the court held a remote preliminary hearing due to the Covid-19 emergency orders. Boyd's objection to the remote hearing was overruled. Boyd was held to answer on the complaint.

In October 2020, Boyd filed a motion under section 995 to set aside the information because the preliminary hearing was conducted remotely. The motion was denied

In April 2021, Boyd pleaded guilty to all charges and admitted all allegations, pursuant to an agreement with the trial court for a sentence of 13 years in prison. Boyd was sentenced in accordance with the plea agreement.

Boyd filed a timely notice of appeal and obtained a certificate of probable cause.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Boyd the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

In his change of plea, Boyd admitted he "attempted to take a vehicle from the immediate presence of [five] people with the intent to temporarily deprive them of the vehicle."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues which were considered in evaluating the potential merits of this appeal.

2

1.  Whether Boyd's involuntary lack of personal presence at the preliminary hearing can be challenged on appeal.

2.  Whether a passenger in a car be a lawful victim of an attempted carjacking.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Boyd on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

DATO, J.

3